IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCEY L. HAYES | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-08-CV-2136-K |
| DALLAS COUNTY, TEXAS | § § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Marcey L. Hayes, a former inmate at the Dallas County Jail,[1] against Dallas County, Texas. On December 3, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on December 19, 2008. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff was transferred to the Middleton Unit of the TDCJ-CID after this lawsuit was filed.

II.

Plaintiff alleges that he broke his finger playing basketball on the morning of October 9, 2008. Although he immediately reported the injury to jail officials, plaintiff received no medical treatment until his finger was x-rayed on October 13, 2008. The next day, plaintiff was examined by an orthopedic specialist at Parkland Hospital, who told plaintiff he needed surgery and placed his hand in a temporary cast. After an evaluation by another doctor, plaintiff underwent reconstructive surgery on November 25, 2008. Plaintiff now sues Dallas County for "totally ignoring" his injury for four days.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-

pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against Dallas County, Texas--the only defendant named in his complaint. Where an inmate seeks to hold a governmental entity liable for civil rights violations under 42 U.S.C. § 1983, he must show that the unconstitutional actions of jail officials resulted from an official policy or practice. *See Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Here, plaintiff alleges that the "Dallas County jail has a pattern of patients with serious illnesses being described inadequately by nurses and being ignored by physicians." (*See* Mag. J. Interrog. #6). This conclusory assertion, unsupported by any facts, falls short of demonstrating that the delay in receiving medical care resulted from an official policy or practice. *See Letap Hospitality, L.L.C. v. Days Inn Worldwide, Inc.*, No. 08-1355, 2008 WL 3538587 at *2 (E.D. La. Aug. 7, 2008), *citing United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004) (conclusory allegations, or legal conclusions serving as factual conclusions, will not prevent dismissal).

C.

Even if the court overlooks this pleading defect, plaintiff still has failed to allege a cognizable claim for denial of medical care under 42 U.S.C. § 1983. In order to establish a constitutional

violation, plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that jail officials were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Mere delay in the rendering of medical treatment does not, in itself, rise to the level of a constitutional violation. *See Smith v. Sherman*, No. 3-06-CV-0941-BD, 2007 WL 2757811 at *1 (N.D. Tex. Sept. 21, 2007). "Delay of treatment for a serious condition can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Id.*, *quoting Farrell v. Hunter*, No. 2-06-CV-454, 2006 WL 3091525 at *2 (M.D. Fla. Oct. 30, 2006).

Plaintiff admits that he received extensive medical care, including reconstructive surgery, for his broken finger. (*See* Mag. J. Interrog. #3 & 5). Although plaintiff was not treated for four days after he hurt his finger playing basketball, there is no allegation that the delay in treatment exacerbated his injury or complicated his recovery. The mere fact that plaintiff was in pain during that time does not rise to the level of a constitutional violation. *See, e.g. Estes v. Bowers*, No. 3-00-CV-1203-BD, 2002 WL 628755 at *3 (N.D. Tex. Apr. 17, 2002), *aff'd*, 73 Fed.Appx. 747, 2003 WL 22013460 (5th Cir. Aug. 26, 2003) (nine-day delay in x-raying fractured rib does not constitute deliberate indifference); *Duncan v. Owens*, No. 05-5066, 2006 WL 1999166 at *4 (W.D. Ark. Jul.

17, 2006) (delay in receiving medical treatment for broken finger not actionable where plaintiff failed to show that delay caused condition to worsen or adversely affected prognosis).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE